31 C.C.P.A.(Patents)

## In re MEADE.

### Patent Appeal No. 4849.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

James R. Hodder, of Boston, Mass. (Theodore K. Bryant, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claim 12 of appellant's application for a patent. No claims have been allowed.

The claim before us reads as follows:

"12. A building unit of cement-sand mix comprising a horizontal body portion along the bottom face of the unit, formed with two solid load-carrying, fire-resistant, vertically extending outer wall sections along opposite parallel edges lengthwise of the unit, a pair of vertically extending ribs equal in height to said vertical wall sections each rib extending above the body portion adjacent the inner surface of a wall section, and spaced from each other, forming a central air chamber between said ribs, and each rib being of less thickness than that of the wall section and spaced from said wall section a distance substantially equal to the thickness of the rib, the pair of ribs thus providing a handhold, said ribs and the body portion being substantially equal in thickness throughout their extent, and the load-carrying vertical wall sections being of greater thickness than either said body portion or ribs."

The cited references are:

Fiske, 1,304,552, May 27, 1919.

Hardoncourt, Jr., 1,373,238, March 29, 1921.

The examiner, in his statement on appeal, described appellant's structure, the structure disclosed in the patent to Hardoncourt, Jr., and gave his reasons for rejecting the claim as follows:

"Applicant's article comprises a cement-sand mix unit having a body portion provided on one face at two opposite sides thereof, with relatively thick load-bearing portions, and having two spaced parallel thinner ribs therebetween and spaced from said portions and defining therewith two spaced mortar receiving grooves, the two ribs constituting a handhold and the space between them providing insulation.

"Hardoncourt shows a similarly constructed article, made of clay, which has air spaces in the load bearing portions to improve the burning in manufacture and the insulating thereafter. By eliminating these spaces and substituting sand-cement for clay, applicant is losing the functions which Hardoncourt specifically sought to gain over concrete blocks. Hardoncourt deformed the body to increase the resistance to heat transfer, and applicant rejects this advantage by his construction. Furthermore, the straight body would be a matter of choice as is evident from Fiske. Applicant, therefore, has simply returned to the construction which Hardoncourt attempted to improve, discarding the features which constituted the invention in Hardoncourt and adding nothing new to the art."

Appellant makes two principal contentions that the claim is patentable over the cited art, viz.:

1. That the prior art relates to burning bricks from clay while appellant's product

is made of a cement-sand mix which may be manufactured at the location where used, and

2. That appellant's structure has load-bearing and mortar-carrying wall faces of greater thickness than the body portion or the ribs, not disclosed by the prior art.

With respect to the first of these contentions the board stated:

"Appellant argues that in these patents the unit is not made of cement-sand mix but of clay. He also argues that the load-carrying wall sections are not the equivalent of his because they are not wide enough. He contends that the load will be carried by the mortar in the recess to a large extent.

"We fail to see that in the present state of the art that any invention is involved in using cement-sand mix for making a building unit. Such a mix is used in various relations and any one in this art at present would obviously be sufficiently versed to use such a mix."

We find nothing in the record or in appellant's brief challenging the statement of the board that a cement-sand mix is used in various relations in the building art, and we must accept it as a fact. While, as contended by appellant, the substitution of material may sometimes involve invention we may not so hold here in view of the above statement of the board, and we are in agreement that the use of a cement-sand mix in the making of a building unit would be obvious to one skilled in the art.

With respect to appellant's second contention, that appellant's construction has load-carrying vertical wall sections of greater thickness than either the body or the ribs, which is not disclosed by the cited art, the board, in its decision, said:

"As to the alleged difference in the load-supporting section, it seems to us that this is mainly a matter of degree. Furthermore, Hardoncourt shows comparatively wide sections and describes them. In the patents and in appellant's unit the weight will be taken in part by the mortar in the recess. We are unable to see that the claim recites anything patentable over the art."

Appellant challenges the statement above quoted and in his brief referring to his application drawing said:

"In the actual patent drawing, the mass of mortar is overdrawn and possibly this was confusing to the decisions of the Examiner and the Board."

The Patent Office tribunals were evidently not confused by the drawing referred to. Not only does appellant's drawing show that his side channels are filled with mortar, as in Hardoncourt, Jr., but his specification specifically supports such construction. It states:

"The mason will lay a mass of mortar, spreading it roughly on top of each wall section 5–5, and filling the adjacent channel 10, and thereupon leveling off the same, and apply the adjacent superimposed unit in staggered relation, simulating an ordinary brick wall structure, as shown in Fig. 3, resulting in a horizontal mortar course 21 and vertical portion 22. Thus, the wall structure by filling the channels 10–10 with mortar and flowing the same on the top of the ribs 8–8, together with the flat surface 6 of each wall section 5, gives an added strength to each wall face."

It is true that Hardoncourt, Jr., shows recesses in his wall not present in appellant's structure. As to this feature we are in accord with the view of the examiner that in Hardoncourt, Jr., these recesses, according to his application, were deemed by him to improve his structure by making the bricks lighter, and to break up the moisture-transmitting capacity of the brick. Appellant does not have this feature nor its function.

It is elementary that merely omitting an element of a structure of the prior art, and also its function, cannot constitute invention.

We are in accord with the view of the board that the differences between appellant's structure and that of Hardoncourt, Jr., involved only a matter of choice or skill, and do not, in view of the patent to Fiske, render the claim patentable.

We have not found it necessary to discuss the Fiske patent, for it was relied upon only for the feature referred to by the examiner and hereinbefore quoted.

The decision of the Board of Appeals is affirmed.

Affirmed.